```
             IN THE UNITED STATES MAGISTRATE COURT
                   WESTERN DISTRICT OF TEXAS
                        EL PASO DIVISION


UNITED STATES OF AMERICA    )
                            )
v                           )  No. EP:17-MJ-4409(1)MAT
                            )
ELBA LUZ DOMINGUEZ-PORTILLO )


                    MOTION FOR CONTINUANCE
             BEFORE THE HONORABLE MIGUEL A. TORRES
                 UNITED STATES MAGISTRATE JUDGE
                       NOVEMBER 22, 2017


APPEARANCES:

For the Government:    Ms. Noemi Lopez
                       and
                       Ms. Laura Franco-Gregory
                       Assistant United States Attorney
                       700 East San Antonio, Suite 200
                       El Paso, Texas 79901


For the Defendant:     Mr. Sergio Garcia
                       Assistant Federal Public Defender
                       700 East San Antonio, Suite D-401
                       El Paso, Texas 79901


Interpreter:           Provided
```

Proceedings recorded by electronic recording.

Transcript produced by Rhonda McCay, CSR, RPR.

1        (Proceedings called to order)
2        THE COURT: Good morning.
3        All right. The Court calls -- I'm going to
4  refer to it as the -- well, I'll call each case number,
5  I guess.
6        EP:17-MJ-4409-MAT, United States of America
7  versus Elba Luz Dominguez-Portillo;
8        17-MJ-4462-MAT, United States of America versus
9  Natividad Zavala-Zavala;
10       17-MJ-4461-MAT, United States of America versus
11 Jose Francis Yanes-Mancia;
12       17-MJ-4499-MAT, United States of America versus
13 Blanca Nieve Vasquez-Hernandez;
14       And 17-MJ-4456-MAT, United States of America
15 versus Maynor Alonso Claudino Lopez.
16       We're here to take up a motion that was filed
17 yesterday and for other previously set proceedings, but
18 we're going to start off with that.
19       But let me have announcements, please.
20       MS. LOPEZ: Good morning, Your Honor. Noemi
21 Lopez and Laura Gregory, for the United States.
22       THE COURT: Good morning.
23       MR. GARCIA: And good morning, Judge. Sergio
24 Garcia, on behalf of all defendants, Judge.
25       THE COURT: All right. Good morning.

1    All right. Well, yesterday, Mr. Garcia, in the
2 afternoon, we received your motion to -- for a
3 continuance, and it's an opposed motion. We had set
4 these hearings.
5    Ms. Lopez, you had set a motion for a *Frye*
6 *Lafler* hearing on Friday. We granted that on Friday and
7 we also set this. Today, we were set for an evidentiary
8 hearing, and -- and for this -- for this motion,
9 basically, to put on the record that a plea agreement
10 has been offered to each of the defendants, okay?
11    The -- the defendant in -- in your motion,
12 you've -- you've indicated that -- we granted this on
13 late Friday afternoon, so I would imagine, on Monday or
14 something, you tried to reach your clients. They were
15 at different jails.
16    MR. GARCIA: Yeah.
17    THE COURT: Go ahead.
18    MR. GARCIA: Yeah. Actually, on Monday, Judge,
19 I got the government's response, and I became aware in
20 the afternoon that my clients -- about 2:00 or 3:00 in
21 the afternoon, they finally were gathered in -- at the
22 county jail.
23    Initially, there were three -- my three female
24 defendants were in Sierra Blanca, one of the male
25 defendants was at the annex, and one was here at the

1  county.  So I had to scramble and contact the U.S.
2  marshals so that they could be housed in the same
3  facility.  That was on Monday.
4        I called yesterday afternoon Ms. Lopez to
5  explain that I was going to be filing a motion to
6  continue.  Initially, she said there was no problem, and
7  then, soon after that, she called me and said that she
8  was not authorized by her boss.  So I said I understand.
9  She said that they would leave it to your discretion.
10 So I oppose in my -- in the title of my motion.
11        But, basically, I explained the same thing
12 to Ms. -- Ms. Lopez.  I said, you know, I -- my -- my
13 five clients were in different facilities.  I needed
14 time to go through, explain to them the *Lafler Frye*
15 hearing purposes, the motion to dismiss purposes, go
16 through each one individually with all the plea
17 agreement and explain that to them.
18        And I usually use the practice of taking my
19 investigator to -- to -- to these type of proceedings at
20 the jail.  And -- and because of the holidays, a lot of
21 people in my office are out.
22        And so, technically, what I was seeking is a
23 two-day extension, which is Monday and Tuesday of next
24 week, to -- to get this done and come back.
25        THE COURT:  All right.  And -- and let me hear

```
 1  your -- your opposed.  So let me hear why.  And whoever
 2  wants to address that can address that.
 3             MS. FRANCO-GREGORY:  Your Honor, the
 4  government, on November 9th, reached out to Mr. Garcia
 5  and advised him that the government was offering a
 6  sentence of time served.
 7             THE COURT:  Right.
 8             MS. FRANCO-GREGORY:  Mr. Garcia never responded
 9  to the government.  We sent a follow-up e-mail on
10  November 17th.  Again, he didn't respond.  And the first
11  response we have is actually later that evening, on
12  November the 17th.
13             THE COURT:  Okay.
14             MS. FRANCO-GREGORY:  As such, the government
15  followed up with a motion.
16             The government is very concerned that these
17  defendants have not been arraigned.  And so, at the
18  minimum, we would ask that they be arraigned so that
19  they can enter the plea of guilty or not guilty.
20             THE COURT:  All right.  And let me have a
21  second.  I'm looking at your motion.
22             Okay.  And you didn't raise the issue of the
23  arraignment in your motion; is that correct?
24             MS. FRANCO-GREGORY:  In our response, Your
25  Honor, there is a reference to it.
```

```
1              No, not in the -- the motion, Your Honor.
2              THE COURT:  And what response?
3              I'm -- I'm looking at your motion for a hearing
4  for the Lafler Frye.  I mean, one of the things that I
5  did when I set -- when I set it for -- for the hearing,
6  when I granted your motion, was to go ahead and set
7  it -- have a trial date set, and that's in the order.
8              But I guess what I'm asking you is -- so
9  that -- that issue -- you're raising that issue of the
10 arraignment today, and -- and you haven't previously
11 addressed that with the Court, right?
12             MS. FRANCO-GREGORY:  We raised it in our
13 response, and we raised it --
14             THE COURT:  In what response, though?  I'm not
15 sure --
16             MS. FRANCO-GREGORY:  We have raised it in our
17 motion for the hearing, where we stated that no
18 arraignment or further hearings have been scheduled at
19 this time.
20             THE COURT:  Okay.
21             MS. FRANCO-GREGORY:  And we also have raised it
22 in the government's response to the defendant's motion
23 to dismiss.
24             THE COURT:  Let me have just a second here.  Do
25 you have any response after that?
```

1     MR. GARCIA: I'm looking at the motion, Judge.
2  I didn't -- I didn't see that issue raised --
3     MS. FRANCO-GREGORY: It's on page 1, the last
4  sentence.
5     THE COURT: Right. I see it. Okay.
6     Okay. I'm just -- I'm looking at Rule 10, in
7  terms of the arraignment, I mean...
8     Well, let me ask you this, Ms. Franco: What do
9  you suggest as to the arraignment concern? I mean,
10 we're set for a trial, but -- and we have a date
11 certain. But as to the arraignment on misdemeanor
12 charges, what is your suggestion?
13    MS. FRANCO-GREGORY: Your Honor, we haven't
14 received notice of the trial setting.
15    THE COURT: It -- I included in the -- in my
16 order granting the -- the *Frye Lafler* hearing, granting
17 today's hearing, it's in there, and they're set for next
18 Friday.
19    But, I mean, that still leaves the question --
20 and, obviously, a valid question -- about arraigning.
21 We don't ordinarily arraign these in -- in -- in -- or
22 we have the rearraignment set early on. But if we need
23 to set it, what do you suggest? I mean...
24    MS. FRANCO-GREGORY: I suggest that the
25 defendants be arraigned, Your Honor, since they haven't

1  had the opportunity.
2          THE COURT:  And take advantage of that today?
3          MS. FRANCO-GREGORY:  Yes, Your Honor.
4          THE COURT:  All right.  Do you have any -- any
5  issue with that?  Do you want to confer?  We can take a
6  five-minute recess, and -- and -- I mean, this is --
7  this really talks about misdemeanor information, and if
8  you read Rule 10 -- but, I mean, if we want to go ahead
9  and get an arraignment on the record, and they can enter
10 a plea, I mean, we can -- it's a concern that the
11 government's had.  I don't necessarily disagree with
12 that.
13         MR. GARCIA:  Yeah.  Let me take a minute,
14 Judge, so I can confer with my clients.  Is that okay,
15 like, five minutes?  I need -- I need to talk to them.
16         THE COURT:  Okay.  Just if we do that.
17         And -- and I will say this, that before we do
18 that, that I'm inclined to grant your continuance on
19 this so that -- I mean, you need to talk to your
20 clients, and -- but I understand what the government's
21 concern was.  I think we can address the concern about
22 the arraignment.
23         We already have a date certain on the trials
24 in -- in the case, but we can take care of the
25 arraignment issue, which I am looking -- just

1  notice-wise, I think if we inform them of what the
2  charges are and whether it's a plea of guilty or not
3  guilty, I think -- I, actually, am looking at the rule.
4  You -- can waive them also, if you wish.  So it's up to
5  you.  I'll give you some time to do that.
6            But just so the parties know, I am
7  inclined to --
8            MR. GARCIA:  Okay, Judge.
9            THE COURT:  -- to grant a continuance --
10           MR. GARCIA:  All right.
11           THE COURT:  -- so that you're able to confer
12 with your clients on the larger matter.
13           Before I do that, I am curious, does the
14 government -- was the government intending on presenting
15 any witnesses as part of the -- the hearing, as part of
16 what I had indicated that we would be having, an
17 evidentiary hearing, just to afford the parties the
18 opportunity to present any witnesses or testimony?
19 Did -- was the government -- were you doing that today?
20           Here's -- here's the thing, because one of the
21 things I would consider in granting any kind of
22 continuance is if you have two or three people here that
23 had to take the day off and come down here.  I mean,
24 obviously, I would want to accommodate them and not
25 inconvenience them, if that was the case.  But if we

```
 1  don't have any -- anybody, I mean, that's -- that's a
 2  different matter.
 3          MS. FRANCO-GREGORY:  No, we don't, Your
 4  Honor.
 5          THE COURT:  Okay.  Very well.
 6          Why don't we take about five minutes --
 7          MR. GARCIA:  Thank you, Judge.
 8          THE COURT:  -- if that works.  If you need a
 9  little bit more time, and then we'll come back.
10          And I think -- I think we can just take that up
11  and I can inform all five of them what the arraignment
12  is.
13          MR. GARCIA:  Yeah.
14          THE COURT:  And I don't see any specific notice
15  requirements.  I mean, they've been charged by complaint
16  since late last month, so -- okay.  We'll -- we'll take
17  a few minutes for recess.
18          MR. GARCIA:  Thank you, Judge.
19          (Recess taken from 9:45 a.m. to 10:00 a.m.)
20          THE COURT:  We're back on the record on the
21  cases we called earlier.
22          You know, one question that I have about this
23  rule.  So Rule 10 talk -- talks about arraignments.  It
24  talks about arraignments when people are charged by --
25  and it talks about misdemeanors -- but when they're
```

charged by either indictment, of course applies to felony, or information and misdemeanor information. Here, they are charged by complaint.

     I would imagine, I mean, kind of taking a liberal view of that rule, is that it's -- if they are charged by complaint, it's -- it's analogous to being charged by an information. It's just a charge made by the government. It's not presented because it doesn't have to be presented to grand jury. And it comes down to this: It's the waiver form, which only -- which mirrors the language in Rule 10 which talks about indictment or information if you're going to waive the hearing. And it talks about "A defendant has received a copy of the indictment or information."

     I mean, is it okay to -- to modify that or just say that it has been -- has received a copy of the complaint in this case? What -- what are your thoughts, Counsel?

     MS. FRANCO-GREGORY: Your Honor, I think that that would be fine. The government's concern, as I just mentioned to defense counsel --

     THE COURT: Uh-huh.

     MS. FRANCO-GREGORY: -- is that these individuals have been in jail for over a month.

     THE COURT: Uh-huh.

1         MS. FRANCO-GREGORY:  And they haven't had the
2  opportunity to be -- to appear before the Court.
3         THE COURT:  Well, at the initial.
4         MS. FRANCO-GREGORY:  And so as far as to enter
5  their plea of guilty or not guilty.  And I know they've
6  articulated that through defense counsel.
7         THE COURT:  Uh-huh.
8         MS. FRANCO-GREGORY:  But the government just
9  re-urges that they're very, very concerned that these
10 people have been sitting in jail for this length of
11 time.
12        And so we -- we thought the arraignment would
13 be a mechanism to at least allow them the opportunity to
14 enter their plea of guilty or not guilty.
15        THE COURT:  Right.
16        MS. FRANCO-GREGORY:  And so the government
17 would have no objection to modifying the language to
18 include "complaint."
19        THE COURT:  Right.
20        MS. FRANCO-GREGORY:  There is a different --
21 I -- I apologize, Your Honor.
22        THE COURT:  No.  And I'm sorry.
23        And let me just say, and I understand that -- I
24 mean, this is what you're driving at -- it's the whole
25 purpose behind the motion you filed on Friday -- to get

1   them on the record to say whether or not, you know,
2   they -- they want to plead guilty or not, okay?
3           I mean -- and that's really what you need to
4   have a conversation with your clients about.
5           Still, I mean, a *Frye Lafler* thing is a
6   separate proceeding from -- from an arraignment.
7           Do you have any trouble with that, just
8   modifying the --
9           MR. GARCIA:  No.  I mean, we -- if -- if -- if
10  we modified in the way that we usually do with -- with
11  the informations and with the indictments where the
12  clients sign the waiver, and I don't think I have any
13  problem with that, Judge.
14          THE COURT:  I mean, it's just like a regular
15  waiver of arraignment, is --
16          MR. GARCIA:  Yeah.
17          THE COURT:  -- was my thought.
18          MR. GARCIA:  We'll waive.
19          And -- and just to respond to the government's
20  concern --
21          THE COURT:  Uh-huh.
22          MR. GARCIA:  -- they are concerned that they've
23  been sitting here for a month.
24          THE COURT:  Yes.
25          MR. GARCIA:  But if they were truly concerned,

1  they would have sent these -- these parents with
2  their -- with their kids, and they wouldn't have any
3  concerns.
4           My concern is that they filed a Sixth Amendment
5  *Frye Lafler* hearing, and so I need to talk to these
6  individuals individually, thoroughly explain to them the
7  offer from the government --
8           THE COURT:  Uh-huh.
9           MR. GARCIA:  -- and just to make sure that
10 they're getting an effective assistance of counsel,
11 because let's remember that that claim, it's on the
12 federal defenders office.  It's not on the
13 government's.
14          THE COURT:  I understand.
15          MR. GARCIA:  So we need to be extra careful.
16          THE COURT:  And that's -- so here's what I'm
17 inclined to do, then:  Let's -- I mean, there doesn't
18 appear to be any -- any controversy about saying that
19 the -- or about modifying the waiver of arraignment
20 to -- to include that -- that they have been notified as
21 to their charge regarding a complaint.  And I would like
22 to afford you time to -- because what you've indicated
23 is, in your motion, that you've had some trouble, for
24 different reasons.  And, yes, I mean, they put them in
25 different jails or whatever.  They've been here since

```
 1  yesterday, I think.  But I would -- if we are going to
 2  have that hearing, I'd like to have it sooner rather
 3  than later.
 4          MR. GARCIA:  Yeah.  No, absolutely.
 5          THE COURT:  And -- and so, you know, again,
 6  presuming a little bit, but you may be available to talk
 7  to them today.  My inclination is to have that hearing,
 8  which I've already granted the motions on, to have it on
 9  Monday, okay?
10          And maybe the marshals can keep these folks
11  here.  They're here in El Paso County --
12          MR. GARCIA:  They -- they just got moved here
13  to El Paso.
14          And, Judge, I don't have any problem with
15  Monday.
16          THE COURT:  Uh-huh.
17          MR. GARCIA:  I know I've requested on my motion
18  on Wednesday --
19          THE COURT:  Till Wednesday, yeah.
20          MR. GARCIA:  If we could do Tuesday.  The only
21  reason why I say that is because my investigator is out.
22  She's -- she's gone because of the holiday season.
23  She's out.  And -- and she's has been working with me on
24  these cases --
25          THE COURT:  Okay.
```

1  MR. GARCIA: -- and she's out of town. I think
2 she's actually out of the country.
3  So Tuesday is -- that would be perfect. We'll
4 be here at 9:30, if that's what the Court wants.
5  THE COURT: And what does the government say?
6  MS. FRANCO-GREGORY: And, Your Honor, for the
7 record, the government would object to that.
8  These defendants, I understand defense counsel
9 hasn't been able to get to them within a month, but they
10 have been sitting here in custody for -- some of them
11 over a month. And now they're going to sit through the
12 holiday weekend. The government would urge that the
13 Court set this as soon as possible.
14  And I understand that the investigator has been
15 working with Mr. Garcia, but I -- I do -- I re-urge that
16 these -- these people have been in custody. Mr. Garcia,
17 I know, couldn't report or communicate with them sooner.
18 But a month seems as an ample amount of opportunity to
19 go talk to these individuals. Our offer was made on
20 November the 7th, Your Honor.
21  MR. GARCIA: And I think we can resolve this,
22 Judge, on -- on Tuesday. I mean, especially if -- if --
23 if there's not going to be -- my argument is a novel
24 argument, it's a first-impression type of argument, and
25 it's a question of law. And so I think the Court has

1  enough to make a decision with the briefs --
2           THE COURT:  Hold on one second.
3           All right.
4           MR. GARCIA:  To make a decision on the briefs
5  and maybe just reserving the time on Tuesday to address
6  the *Lafler Frye* hearing and also the merits of the
7  motion to dismiss, if that's what the Court decides.
8           THE COURT:  You know, I think, given that they
9  are here today, that they are available, and that they
10 are here in town, that Monday --
11          MR. GARCIA:  Okay.
12          THE COURT:  -- is sufficient amount of time.
13          And -- and so on Monday, then, we have -- I'm
14 not moving any trial date that's already previously
15 scheduled.  Then, on Monday, we will take up the matter
16 raised by the government, the *Lafler Frye* hearing, to
17 see whether they are accepting any plea agreements.
18          As I mentioned in my order, also, if there's
19 going to be change of plea from any of the defendants,
20 we will go through it at that time, okay?  And -- and
21 then, obviously, if -- if you want to put anything on
22 the record, any -- any -- on your motion to dismiss,
23 which is also pending, and the government's response,
24 you know, we can -- we can take up a small amount of
25 time for basically argument and some questions from the

1 Court on that, and we can see where we are on Monday.
2 How is our schedule on Monday morning, Rita?
3 THE CLERK: [Indiscernible].
4 THE COURT: There's nothing else?
5 THE CLERK: [Indiscernible].
6 THE COURT: Okay. All right. So we'll -- and
7 just for the record, you are being provided the waiver
8 of arraignment forms, Mr. Garcia. And can we proceed on
9 Monday morning at 9:30, then, on -- basically, on
10 everything --
11 MS. FRANCO-GREGORY: Yes, Your Honor.
12 THE COURT: -- that's pending, and -- and we'll
13 do that, all right?
14 MR. GARCIA: Thank you, Judge.
15 THE COURT: Okay. I appreciate it. And
16 everybody have a nice holiday.
17 We're in recess.
18 (Proceedings concluded)
19
20
21
22
23
24
25

1 | CERTIFICATE OF ELECTRONIC RECORDING

2

3 I, Rhonda McCay, CSR, RPR, certify that the
4 foregoing is a correct transcription from the electronic
5 recording of the proceedings in the above-entitled
6 matter.

7 I further certify that I am neither counsel
8 for, related to, nor employed by any of the parties to
9 the action in which this electronic recording was taken,
10 and further that I am not financially or otherwise
11 interested in the outcome of the action.

12 Signed this 5th day of December, 2017.

13

14

15 /s/ Rhonda McCay_____
Rhonda McCay, RPR, CSR 4457
16 Date of Expiration: 12/31/2018
REPORTERS INK, LLC
17 221 North Kansas, Suite 1101
El Paso, Texas 79901
18 Ph.: 915.544.1515