IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED
2017 NOV -2 PM 2:38
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )  NO: EP-17-MJ-4409-MAT |
| | ) |
| ELBA LUZ DOMINGUEZ-PORTILLO | ) |

### ORDER

Before the Court is United States of America v. Elba Luz Dominguez-Portillo, No. EP-17-MJ-4409-MAT. During the defendant's initial appearance last week, the defendant represented to the Court that at the time of her arrest she was accompanied by her minor child from whom she was separated at the time of her arrest. She further represented to the Court that she had no information as to the whereabouts of her child, and that at most was provided very limited information on ascertaining any information regarding the child. The Court, in a number of recent illegal entry cases over the last several months, has repeatedly been apprised of concerns voiced by defense counsel and by defendants regarding their limited and often non-existent lack of information about the well-being and whereabouts of their minor children from whom they were separated at the time of their arrest.

Because of the Court's concerns regarding the possible impact of these issues on the defendant's rights in her instant criminal proceedings, further briefing is necessary to address issues important to the disposition of these cases.

The Court held a status conference in the matter on November 1, 2017, to inform the parties that it was requesting briefing on issues related to the unaccompanied minors. At the hearing, however, counsel for the defendant represented to the Court that he anticipates filing a dispositive motion requesting relief but also addressing specifically the briefing issues raised by


JOINT EXHIBIT G

the Court at the hearing and now in this order. The Court requests that this defense motion be filed no later than November 7, 2017, and also that any motion and responses address the issues discussed below.

**IT IS THEREFORE ORDERED** that the parties brief the following legal questions:

1. What are the arresting agency's procedures for providing information (e.g. location and well-being) regarding the unaccompanied minor children of undocumented alien defendants charged with a petty misdemeanor such as illegal entry, specifically at the time of their arrest or during the pendency of their case?

    a. Are any such processes for any provision of this information to undocumented alien defendant parents of unaccompanied minors governed by statute or regulation? Are they addressed in the *Flores* Settlement entered in *Flores v. Reno*, Case No. CV 85-4544-RJK (C.D. Cal. 1997)?

2. Courts have recognized familial association as a fundamental right subject to constitutional protection, with the parent-child relationship at the heart of this right. *See Kipps v. Caillier*, 205 F.3d 203 (5th Cir. 2000) (citing *Prince v. Massachusetts*, 321 U.S. 158, 166 (1944)). Have any courts addressed the applicability of this fundamental right to undocumented immigrants? Specifically, has any court addressed whether the undocumented alien defendant who is a parent of an unaccompanied child possesses constitutionally protected parental rights insofar as being, at a minimum, entitled to information related to the welfare of their child?

    a. Assuming that an undocumented alien has such constitutional rights, do they have any bearing on the defendant's criminal case or decision to go to trial, in a manner

   akin to immigration consequences under *Padilla v. Kentucky*, 559 U.S. 356 (2010)?

3. Assuming that an undocumented alien criminal defendant charged with illegal entry has any of these rights under law, does this Court have any legal authority to consider these issues within the context of a plea colloquy under Federal Rule of Criminal Procedure 11, specifically as it pertains to the voluntariness of the plea?

The Court may schedule oral argument on all or selected issues at a later time.

  **SIGNED and ENTERED** this 2nd day of November, 2017.

              _____
              MIGUEL A. TORRES
              UNITED STATES MAGISTRATE JUDGE