```
1                  UNITED STATES DISTRICT COURT

2               FOR THE WESTERN DISTRICT OF TEXAS

3                     U.S. MAGISTRATE JUDGE

4                       EL PASO DIVISION

5    UNITED STATES OF AMERICA        )

6    vs.                             )

7    ELBA LUZ DOMINGUEZ-PORTILLO   ) No. EP:17-MJ-04409-MAT

8    MAYNOR ALONSO CLAUDINO LOPEZ  )      EP:17-MJ-04456-MAT

9    JOSE FRANCIS YANES-MANCIA       )      EP:17-MJ-04461-MAT

10   NATIVIDAD ZAVALA-ZAVALA         )      EP:17-MJ-04462-MAT

11   BLANCA NIEVE VASQUEZ-HERNANDEZ)      EP:17-MJ-04499-MAT
     -------------------------------
12
13                   BENCH TRIAL and SENTENCING

14              Before the Honorable Miguel A. Torres

15
     A P P E A R A N C E S:
16   ----------------------
     FOR THE GOVERNMENT:
17   MR. DOUGLAS RENNIE
     MS. NOEMI LOPEZ
18   ----------------------
     Assistant United States Attorney
19   700 E. San Antonio Avenue, Suite 200
     El Paso, Texas 79901
20
21   FOR DEFENDANT:
     MR. SERGIO GARCIA
22   ----------------------
     700 E. San Antonio, Suite D-401
23   El Paso, Texas 79901

24       Proceedings reported by stenotype.  Transcript produced by

25   computer-aided transcription.
```

```
 1            THE COURT:  Good afternoon, the Court calls the
 2   following case for trial, EP:17-M-4409, the United States
 3   versus Elba Luz Dominguez-Portillo.
 4       May I have announcements, please.
 5            MS. LOPEZ:  Good afternoon, Noemi Lopez and
 6   Douglas Rennie for the United States.
 7            THE COURT:  Good afternoon.
 8            MR. GARCIA:  Good afternoon, Judge, Sergio Garcia on
 9   behalf of Ms. Dominguez-Portillo, ready to proceed, Judge.
10            THE COURT:  Good afternoon.  I guess a few
11   housekeeping things before we proceed with trial.
12       Is there any other matters with regard to the motion to
13   dismiss that the Defendant wishes to raise?  We had a hearing
14   last week, evidentiary hearing, and I announced at that time
15   that I would be denying the motion, and obviously an order is
16   pending on that, but is there anything else you want to raise,
17   Mr. Garcia?
18            MR. GARCIA:  Yes, Judge.  Briefly, I would like, for
19   the record, I would at this time like to renew our motion to
20   dismiss based on oral arguments made in that motion and oral
21   arguments made at the hearing on that motion.
22            THE COURT:  Very well.  I am denying the motion.  I
23   understand you are raising a number of non-issues of law, and
24   obviously it is only fair to you and to the Government to get
25   an order out as soon as possible.  It is my goal to have an
```

1    order out next week, and I promised to be diligent and get that

2    out as soon as possible.

3         Having said that, we also had set, and you can have a seat,

4    Mr. Garcia, we had also -- I had issued an order yesterday

5    morning regarding the Government's request for a

6    Lafler-Frye Hearing regarding -- we discussed the matter

7    before.  There was a plea agreement that was offered by the

8    Government to each of the Defendants, and the Government had

9    made this request for a Lafler-Frye Hearing.

10        Is the Government persisting in that request or is it

11   withdrawing that request at this time?

12             MS. LOPEZ:  That's correct, Your Honor.  The

13   Government withdraws its request for the Lafler-Frye Hearing.

14             THE COURT:  Very well.

15        Mr. Garcia, your client waived arraignment on these charges

16   and is charged with illegal entry pursuant to 8 USC 1325.  She

17   waived arraignment in which the form indicates that she is

18   entering a plea of not guilty.

19        Is your client persisting in that plea of not guilty, and

20   are you entering a plea of not guilty at this time on behalf of

21   Ms. Dominguez-Portillo?

22             MR. GARCIA:  Yes, at this time we enter a plea of not

23   guilty.

24             THE COURT:  Okay, very well.

25        I'll ask you do you wish to have your client sitting at

1    counsel table?  It is up to you.

2            MR. GARCIA:  No, I think it would be better that way,

3    Judge.

4            THE COURT:  Fine with me.  Very well.

5        Well, I guess -- anything else we need to take up at this

6    time before we get into the trial, Ms. Lopez?

7            MS. LOPEZ:  No, Your Honor.

8            THE COURT:  Anything else, Mr. Garcia?

9            MR. GARCIA:  No, Judge.

10            THE COURT:  Do the parties waive opening?

11            MS. LOPEZ:  Yes, Your Honor.

12            MR. GARCIA:  We do, Judge.

13            THE COURT:  Very well.

14        Let's go to the Government.  Do you call any witnesses or

15    have any evidence to present?

16            MS. LOPEZ:  Your Honor, the parties have agreed to

17    enter into stipulated facts, and we also present stipulated

18    evidence in lieu of calling witnesses and presenting evidence.

19            THE COURT:  Let's start off with the stipulation

20    first.  Is there a document that you have?

21            MS. LOPEZ:  Yes, Your Honor.

22            THE COURT:  I am noticing also the stipulation of

23    facts contains or references a joint exhibit list and

24    identifies each of the exhibits that you will be presenting

25    also that are in the binder; is that correct?

1          MS. LOPEZ:  That's correct, Your Honor.

2          THE COURT:  Let me go to the Defense.

3      The stipulation of facts you have entered into an agreement

4  of these facts, and you have explained all of this to your

5  client?

6          MR. GARCIA:  That is correct, Judge.

7          THE COURT:  I will ask your client briefly --

8          MR. GARCIA:  Ms. Dominguez.

9          THE COURT:  She is fine right there, that's okay.

10     Ms. Dominguez-Portillo, I have a document here that is

11  called a stipulation of facts.  The document has your signature

12  as well as the signature of your attorney and the signature of

13  the lawyer for the Government.  Basically, it is a brief

14  summary of certain facts that the parties agree are not in

15  dispute in this case.

16     Was all of this explained to you by your attorney before

17  you signed it, ma'am?

18          DEFENDANT DOMINGUEZ:  Yes.

19          THE COURT:  Very well.  So, I'll tell you what --

20  well, the stipulation is admitted into the record.  I will just

21  call it Government A.  I was thinking it is really not neither

22  a Government or it is both Government and Defense evidence, but

23  I will call it Government A since you are presenting it here.

24     Now, we have additional evidence; is that correct?

25          MS. LOPEZ:  That's correct, Your Honor.

```
 1              THE COURT:  Chris, will you hold on to these, please,
 2   and keep them?
 3              MS. LOPEZ:  May I approach, Your Honor?
 4              THE COURT:  You may.  Alright, and I have the
 5   Government has presented a binder with the case style on it.
 6   It has Exhibit A, B, C, D, E, F, G, and H.
 7        You had the opportunity to review this, Mr. Garcia?
 8              MR. GARCIA:  Yes, Judge.  Those are joint
 9   stipulations, yes, I did.
10              THE COURT:  Again, for the record, the shorthand
11   identification of what each of the exhibits represent is
12   referenced to the stipulation that was just admitted by the
13   Court and so there is no objection.
14              MR. GARCIA:  No objection, Judge.
15              THE COURT:  Exhibits -- Government's Exhibit -- I just
16   called it stipulated Government's Exhibit A.  These are marked
17   by letters.  I'll call it the stipulation, Government Exhibit
18   No. 1, and I will admit Government's Exhibits A, B, C, D, E, F,
19   G, and H for the record.
20        Very well, and is there any other evidence or any witnesses
21   that the Government wishes to present?
22              MS. LOPEZ:  No, Your Honor.
23              THE COURT:  Does the Government rest at this time?
24              MS. LOPEZ:  It does.
25              THE COURT:  Does the Defense have a motion?
```

1                    MR. GARCIA:  Judge, may we approach for a second?

2                    THE COURT:  Yes, of course.  The Government has

3      rested.  Yes, sir, go ahead.

4                    MR. GARCIA:  I just spoke to the Government, Judge,

5      and they are going to proceed the way we agreed.  She is going

6      to present her argument.

7                    THE COURT:  Okay, go ahead.

8                    MS. LOPEZ:  Your Honor, the Government rests, and the

9      Government has no further argument.

10                    THE COURT:  Very well.

11          Go ahead, Mr. Garcia.

12                    MR. GARCIA:  Judge, at this point, we move for a

13     judgment of acquittal under Rule 29 based on the Government's

14     failure to prove each and every element for the crime based on

15     the entire record in this case, and we incorporate by reference

16     all documents, evidence, transcripts, and orders in this case

17     including, but not limited to, our motion to dismiss and

18     argument made at the hearing on the motion to dismiss and also

19     all the evidence presented at trial.

20                    THE COURT:  Very well.

21          Is there any response?

22                    MR. RENNIE:  Your Honor, we rely on our motion, the

23     opposition, that we filed on November 20th.

24                    THE COURT:  Very well.

25                    MR. RENNIE:  The stipulated evidence presented.

1          THE COURT:  Yes, sir.  Your Rule 29 motion is denied.

2      Let me ask you, do you have any witnesses or evidence, sir?

3          MR. GARCIA:  No, Judge.  It is just a brief argument,

4  and then I will rest.

5          THE COURT:  Go ahead.

6          MR. GARCIA:  Judge, my clients left their countries

7  each with a minor child or grandchild escaping horrible

8  violence in their Central American countries.

9      As we previously explained at the hearing in our motion to

10  dismiss, key material witnesses, the children, are missing

11  here.  The parties stipulated exhibits support that claim.

12  Information as to the whereabouts of these material witnesses

13  was not provided anywhere in the discovery, and these witnesses

14  under the Government's [inaudible] are exculpatory regarding

15  the Defendants well founded fear for leaving their country and

16  being forced to come here with no alternative to seek safety to

17  avoid the harm.

18      The fact that these children, the key material witnesses,

19  are missing is a violation of due process rights for a trial

20  and of their right against defendants right against self

21  incrimination.  It forces the defendants to take the stand in

22  order to establish their defense and so there is prejudice.

23  One constitutional right should not have to be surrendered in

24  order to assert another one.

25      As we have proven at every stage, Judge, in this Court, the

1   Government's conduct here is outrageous and in bad faith.

2        With that, we rest, and we would like to renew at this time

3   a Rule 29 motion, judgment of acquittal under Rule 29 based on

4   the Government's failure to prove each and every element of the

5   crime based on the entire record in this case, and we

6   incorporate by reference all documents, evidence, transcripts,

7   and orders in this case including, but not limited to, our

8   motion to dismiss, and arguments made at the hearing of the

9   motion to dismiss, and also all the evidence and arguments

10  presented at trial.

11            THE COURT:  Thank you.  And your Rule 29 motion is

12  denied.

13        Does the Government close?

14            MR. RENNIE:  Yes, Your Honor.

15            THE COURT:  Very well.

16        Let me ask, and you're closing?

17            MR. GARCIA:  We rest.

18            THE COURT:  You rest and you close?

19            MR. GARCIA:  We already closed.

20            THE COURT:  Any closing argument?

21            MR. RENNIE:  Yes.  Your Honor, the stipulations and

22  stipulated exhibits in these cases show the elements of the

23  improper entry by an alien charge are satisfied in these cases.

24  On the dates alleged in the indictments, which in these five

25  cases were are October 21, 22, 23, each Defendant entered the

1   United States by crossing the Rio Grande River into

2   El Paso, Texas at a place not designated as a port of entry by

3   immigration officers.  In some cases, they were close enough

4   distance away to see the nearest port of entry where they could

5   have presented themselves for inspection, but they didn't do

6   that.

7        It also bears noting that despite the claims of outrageous

8   conduct here, the Government played absolutely no role in the

9   Defendants decision to enter where they did or their decisions

10   to enter along with juveniles who they claim are their children

11   or grandchildren.

12        The agents in these cases could have testified that, upon

13   being apprehended, the Defendants admitted they were citizens

14   of Honduras or El Salvador, which is what is reflected in the

15   stipulations, and admitted readily they did not have permission

16   to enter the United States legally.  They would have also

17   testified in each case that the Defendant was carrying a

18   foreign identification card, what has been admitted into

19   evidence, stated they were born in either El Salvador or

20   Honduras which the Defendants have now stipulated to.

21   Consequently, there is no real doubt that the elements of the

22   offense are satisfied here.

23        The Defendants were aliens at the time that they entered

24   the United States at a place that was not designated as a port

25   of entry by immigration officers, and the only other thing the

1    Government needs to prove in these cases is that it took place

2    here in the Western District of Texas.  It is undisputed that

3    is where they entered.  So, they no longer dispute the facts

4    establishing their guilt.

5        The only argument here is much of what we heard on the

6    motion to dismiss, Your Honor.  We also did hear a new

7    argument, which I heard for the first time, something about the

8    juveniles being potential material witnesses.  I don't think

9    that argument is properly preserved.

10       Now, as the Court knows, the Government views these issues

11   as totally irrelevant to this trial, and we would object to any

12   evidence or questioning regarding those issues.  And in

13   response to the arguments that Defense counsel makes, we rely

14   on our opposition which we submitted on November 20th, and

15   that's all Your Honor, thank you.

16            THE COURT:  Thank you, Mr. Rennie.

17       Any arguments, Mr. Garcia?

18            MR. GARCIA:  Briefly, Judge.

19            THE COURT:  Yes, sir.

20            MR. GARCIA:  Sorry, for the purposes of the record, we

21   did make that argument about the key material witness at the

22   hearing of the motion to dismiss, and that could be proven by

23   the record of -- obviously, the transcript.

24       Just out of an abundance of caution, I would like to at

25   this point, again, move for judgment of acquittal under Rule 29

 1   based on the Government's failure to prove each and every

 2   element of the crime based on the entire record in this case,

 3   and we incorporate and reference all documents, evidence,

 4   transcripts, and orders in this case including, but not limited

 5   to, our motion to dismiss, and arguments made at the hearing on

 6   the motion to dismiss, and also all the evidence and arguments

 7   presented here at trial.

 8            THE COURT:  Thank you.  That Rule 29 motion is denied.

 9       Anything else from either party at this time?

10            MS. LOPEZ:  No, Your Honor.

11            MR. GARCIA:  No, Judge, you heard it all.

12            THE COURT:  Very well.

13       Based on the evidence that has been presented that was

14   stipulated to in part and the exhibits that were presented that

15   were not objected to, based on the evidence before the Court,

16   the Court does find Ms. Dominguez-Portillo guilty of the charge

17   of illegal entry into the United States.  We will proceed to

18   sentencing on that case this afternoon after the conclusion of

19   the other matters.

20       Anything else?  Any motion or anything else the Defendant

21   wants to make at this time?

22            MR. GARCIA:  No.  One last thing, Judge.  Again, I

23   hate to sound repetitive.  At this time, we move for the

24   judgment of acquittal based on Rule 29 based on the

25   Government's failure to prove each and every element of the

1    crime based on the entire record in this case, and we

2    incorporate by reference all documents, evidence, transcripts,

3    and orders in this case including, but not limited to, our

4    motion to dismiss, and arguments made at the hearing on the

5    motion to dismiss, and also all the evidence and arguments

6    presented at trial.

7              THE COURT:  Very well.  That motion is denied.

8         Anything else from the Government on this case?

9              MS. LOPEZ:  No, Your Honor.

10             THE COURT:  Very well.  We are in recess on

11   Ms. Dominguez-Portillo's case until we recall it for

12   sentencing.

13        The Court calls EP:17-M-4456, the United States versus

14   Maynor Alonso Claudino Lopez, and may I have announcements,

15   please.

16             MS. LOPEZ:  Noemi Lopez and Douglas Rennie for the

17   United States.

18             MR. GARCIA:  Good afternoon again, Judge,

19   Sergio Garcia on behalf of Mr. Claudino Lopez ready to proceed.

20             THE COURT:  Again, housekeeping matters as in the

21   previous case.  Anything that the parties wish to address with

22   regard to the motion to dismiss that had been filed by the

23   Defendant?  The Court ruled it was denying the motion and order

24   is forthcoming.  Anything else you want to report on the

25   record?

1              MR. GARCIA:  Yes.  Just for procedure at this time, we

2    would like to renew our motion to dismiss based on oral

3    arguments made at that motion and oral arguments made at the

4    hearing on that motion.

5              THE COURT:  Very well.  I guess you are asking for

6    reconsideration of that ruling?

7              MR. GARCIA:  Just renew the motion to dismiss.

8              THE COURT:  That's denied.

9         Anything else the Government wants to say with regard to

10   that?

11             MS. LOPEZ:  No, Your Honor.

12             THE COURT:  Is the Government moving to withdraw its

13   request for a Lafler-Frye Hearing regarding a previously

14   disclosed plea agreement in this case?

15             MS. LOPEZ:  The Government so moves, Your Honor.

16             THE COURT:  Very well, that's granted.

17        Again, Mr. Garcia, your client had previously waived

18   arraignment in this case.  Before waiving arraignment -- the

19   form waiving arraignment indicates they are entering a plea of

20   not guilty to the charge at that time.  Is your client

21   persisting in his plea of not guilty today, and are you

22   entering a plea of not guilty on behalf of your client?

23             MR. GARCIA:  Yes, he is entering a plea of not guilty,

24   Judge.

25             THE COURT:  Very well.  The parties waive opening?

```
 1              MS. LOPEZ:  Yes, Your Honor.

 2              MR. GARCIA:  Yes, Judge.

 3              THE COURT:  Very well.  Then let me ask the

 4    Government, do you have any witnesses or evidence?

 5              MS. LOPEZ:  We would offer stipulated facts that the

 6    parties have entered into as well as stipulated exhibits.

 7              THE COURT:  Let's start off with the stipulation then.

 8    Can you approach with that?

 9              MS. LOPEZ:  Yes.

10              THE COURT:  I will note for the record that the

11    stipulation -- I want to make sure about this.  The paternal

12    last name is Claudino?  It is not a middle name or anything?

13              MR. GARCIA:  It is Claudino last name and Lopez,

14    Maynor Alonso Claudino Lopez.

15              THE COURT:  I will refer to him as Mr. Claudino.  I

16    will note that the stipulation incorporates my reference to the

17    joint exhibit list we will get to in a few minutes.  The

18    stipulation has the signatures of the attorneys, and it also

19    has your signature, Mr. Claudino.  It has your signature as

20    well.  This stipulation of facts, as I am sure your lawyer has

21    explained, is an agreement between the parties -- between

22    yourself and the Government outlining the facts that are not in

23    dispute in this case, facts the parties agree on.  Your

24    signature here indicates that you understand this.

25         My question to you is did your lawyer explain all of this
```

1   to you before you signed this document?

2          DEFENDANT CLAUDINO:  I really didn't understand

3   everything that he tried to tell me since everything is in

4   English.  I really did not understand.

5          THE COURT:  Here is what I want to get to.  Did your

6   attorney explain to you in the Spanish language that the

7   parties are agreeing to this set of facts in this case?

8          DEFENDANT CLAUDINO:  Yes.

9          THE COURT:  Very well.  Anything else you wanted to

10  add?

11         MR. GARCIA:  No, Judge.

12         THE COURT:  Very well.  We'll let this stipulation of

13  facts as admitted.  I will call it Government's Exhibit 1, and

14  that's entered into the record.

15     Is there anything or -- we have these exhibits the

16  Government wanted to present; is that correct?

17         MS. LOPEZ:  Yes, Your Honor, the Government would

18  present a book of stipulated exhibits.

19         THE COURT:  Okay, go ahead.

20         MS. LOPEZ:  May I approach?

21         THE COURT:  Please.  Mr. Garcia, you reviewed these

22  exhibits?

23         MR. GARCIA:  Yes, Judge.

24         THE COURT:  Do you have any objections to any of the

25  exhibits?

```
 1              MR. GARCIA:  No, Judge.

 2              THE COURT:  So the record is perfectly clear on this,

 3    it is Exhibits A through J it looks like, and there being no

 4    objection again, the stipulation of facts references these

 5    exhibits.  It also details what each exhibit is and gives us a

 6    brief description of what they are.  Government's Exhibits A

 7    through J are admitted.

 8         Anything else from the Government?

 9              MS. LOPEZ:  Nothing further from the Government,

10    Your Honor.

11              THE COURT:  The Government rests on this?

12              MS. LOPEZ:  The Government rests with no further

13    arguments.

14              THE COURT:  Very well.

15         Mr. Garcia?

16              MR. GARCIA:  Judge, thank you.

17         At this time, we move for judgment of acquittal under

18    Rule 29 based on the Government's failure to prove each and

19    every element of the crime based on the entire record in this

20    case, and we incorporate by reference all documents, evidence,

21    transcripts, and orders in this case including, but not limited

22    to, our motion to dismiss, and arguments made at the hearing on

23    the motion to dismiss, and also all the evidence presented at

24    trial.

25              THE COURT:  The Rule 29 motion is denied.
```

```
 1        Any witnesses or evidence, Mr. Garcia?

 2             MR. GARCIA:  No, Judge.

 3             THE COURT:  Do you rest?

 4             MR. GARCIA:  Yes.  Before we do so, we would like to

 5   incorporate all the previous arguments we just made for

 6   purposes of trial with respect to Ms. Dominguez,

 7   Case No. 17-MJ-4409.

 8             THE COURT:  You are incorporating your arguments you

 9   made in the previous case?

10             MR. GARCIA:  Yes.

11             THE COURT:  Very well.  Alright --

12             MR. GARCIA:  Judge, and before I am done, I would like

13   to again for purposes of the record move for judgment of

14   acquittal under Rule 29 based on the Government's failure to

15   prove each and every element of the crime based on the entire

16   record in this case, and we incorporate by reference all

17   documents, evidence, transcripts, and orders in this case

18   including, but not limited to, our motion to dismiss, and

19   arguments made at the hearing on the motion to dismiss, and

20   also all the evidence and arguments presented at trial.

21             THE COURT:  Your motion is denied, and does the

22   Government close at this time?

23             MR. RENNIE:  Yes, Your Honor, briefly.

24        Your Honor, we would just submit that the stipulations and

25   stipulated exhibits in this case clearly establish that the
```

1    Defendant is guilty of the improper entry charge.  We would

2    rely on our written opposition to the motion to dismiss which

3    was submitted on November 20th in response to any arguments

4    regarding that motion, Your Honor, and as stated in the prior

5    case, we think the evidence clearly establishes guilt in this

6    case.  Thank you.

7              THE COURT:  Thank you.

8         Mr. Garcia?

9              MR. GARCIA:  Judge, just for procedure, at this time,

10   again, we move for judgment of acquittal under Rule 29 based on

11   the Government's failure to prove each and every element of the

12   crime based on the entire record in this case, and we

13   incorporate by reference all documents, evidence, transcripts,

14   and orders in this case including, but not limited to, our

15   motion to dismiss, and arguments made at the hearing on the

16   motion to dismiss, and also all the evidence and arguments

17   presented at trial.

18             THE COURT:  Very well.  Those are closing arguments

19   from the parties?

20             MR. GARCIA:  You heard it all.

21             THE COURT:  Very well.  May I have just a moment here?

22   Wait, sorry, did you just re-urge your motion?

23             MR. GARCIA:  That's correct.

24             THE COURT:  For the record, it is denied.

25        Anything else from the Government?

1          MS. LOPEZ:  No, Your Honor.

2          THE COURT:  Very well.  Then based on the evidence

3    before it, the stipulated facts, the exhibits before the Court

4    that the Court does find Mr. Claudino Lopez guilty of illegal

5    entry into the United States.  We will proceed with the

6    sentencing hearing this afternoon after the conclusion of the

7    remaining trials.

8        Anything else on Mr. Claudino Lopez's case?

9          MS. LOPEZ:  No, Your Honor, not from the Government.

10          MR. GARCIA:  No, Judge.

11          THE COURT:  We will move on to our next case,

12   EP:17-M-4461, the United States of America versus

13   Jose Francis Yanes-Mancia.

14       May I have announcements, please.

15          MS. LOPEZ:  Good afternoon, Your Honor, Noemi Lopez

16   and Douglas Rennie for the United States.

17          MR. GARCIA:  Good afternoon, Judge, Sergio Garcia on

18   behalf of Jose Francis Yanes-Mancia, ready to proceed, Judge.

19          THE COURT:  Housekeeping matters.  Is the Government

20   withdrawing its request for a Lafler-Frye Hearing in this case?

21          MS. LOPEZ:  Your Honor, before we begin, if I could

22   request that we do Natividad Zavala-Zavala at the same time?

23   The facts are exactly the same and so is the stipulated facts

24   and evidence.  Would it be possible to do those two cases

25   together?  They were arrested together.

1          THE COURT:  I understand.  Ordinarily, I really don't

2     have an issue with it.  Since we are making a trial record that

3     is going to go up, we would be asking to essentially

4     consolidate the trials.

5          Here is what I am going to do.  I appreciate what you're

6     trying to do, and, believe me, I would be inclined to do it.  I

7     think the record will be cleaner if we do them individually.  I

8     know it will take another little bit of time.  I think each

9     individual record if up on appeal these are not consolidated or

10    whatever, I think it will be -- I think the record will just be

11    cleaner.  I will deny that request, but we will just go ahead

12    and proceed on -- anything you wanted to add with regard to

13    that?

14         MR. GARCIA:  [inaudible] object.

15         THE COURT:  The other thing was there anything else we

16    wanted to take up on the motion to dismiss you previously filed

17    that I previously ruled on, denying?  Anything else?

18         MR. GARCIA:  Yes, Judge.  Just for the record, at this

19    time, I would like to renew our motion to dismiss based on the

20    oral arguments made in that motion and oral arguments made at

21    the hearing on the motion.

22         THE COURT:  That is denied.  Your motion to dismiss is

23    denied once again.

24         MS. LOPEZ:  The Government would move to withdraw its

25    request for a Lafler-Frye Hearing.

1          THE COURT:  We had not finalized that.  Thank you for

2   reminding me about that.

3      Again, the Defendant has waived arraignment and the form

4   indicates -- form waiving arraignment indicates that your

5   client is entering a plea of not guilty, and are you entering a

6   plea of not guilty on behalf of your client here today?

7          MR. GARCIA:  Yes, Judge, she enters a plea of not

8   guilty.

9          THE COURT:  Very well.  I think the parties are

10  waiving opening, and so we will go right into evidence.  What

11  does the evidence have to present?

12         MS. LOPEZ:  Your Honor, the Government would present

13  stipulated facts.

14         THE COURT:  Go ahead and approach with that

15  stipulation.

16     A few things about the stipulation of fats.  I am reviewing

17  it.  It does contain and is signed by the Defendant, signed by

18  counsel for the Government, and counsel for the Defendant.  It

19  also references the joint -- the exhibit list or the exhibits

20  rather that will be presented here now in a few minutes.  Let

21  me ask Mr. Yanes.

22     Good afternoon, I have this document that is a stipulation

23  of facts.  What this is is yourself and the Government have

24  agreed to certain facts in this case that are not in dispute.

25  In other words, the parties are agreeing as to these facts in

1   this case.

2       Did your lawyer explain all of this before you signed it?

3           DEFENDANT YANES:  I did not understand it very well

4   because I don't know what that signature was for if it is to

5   plead guilty.

6           THE COURT:  What I am explaining to you is this is an

7   agreement as to certain facts.  The Court is considering

8   whether you are guilty, whether you're not guilty in this case.

9   These are facts that are not in dispute.  The parties, the

10  Government and yourself, according to this are agreeing that

11  these facts are not in dispute.  It does contain your

12  signature.  I want to make sure did you understand all of this

13  when you signed this.

14      Did your lawyer explain all of this?

15          DEFENDANT YANES:  Yes, I did understand everything.

16  We did sign it, yes.

17          THE COURT:  Anything else you wanted to add as to

18  this, Mr. Garcia?

19          MR. GARCIA:  No, Judge.  Just for the record, we

20  reviewed this document at length last night and also this

21  morning.

22          THE COURT:  Very well.  The Court will accept this

23  stipulation.  If this was a jury trial, obviously we would be

24  reading this publishing it to the jury, but it is accepted.  I

25  will call it Government's Exhibit 1.  We have some additional

1     exhibits; is that correct?

2          MS. LOPEZ:  Yes, Your Honor.  The Government would

3     present certain exhibits that are listed in the stipulated

4     facts.  May I approach?

5          THE COURT:  Please.  I have been handed a notebook,

6     binder, that has Exhibits A through J.  You have reviewed this,

7     Mr. Garcia?

8          MR. GARCIA:  Yes, Judge.

9          THE COURT:  Did you have any objection?

10         MR. GARCIA:  No, Judge.

11         THE COURT:  You're moving to admit these exhibits?

12         MS. LOPEZ:  Yes, Your Honor.

13         THE COURT:  Exhibits A through J are admitted into the

14    record.  Very well.

15       Does the Government have any additional evidence?

16         MS. LOPEZ:  No, Your Honor, the Government rests with

17    no further argument.

18         THE COURT:  Very well.  Mr. Garcia?

19         MR. GARCIA:  Thank you, Judge.

20       Judge, at this point we move for judgment of acquittal

21    under Rule 29 based on the Government's failure to prove each

22    and every element of the crime based on the entire record in

23    this case, and we incorporate by reference all documents,

24    evidence, transcripts, and orders in this case including, but

25    not limited to, our motion to dismiss, and arguments made at

1    the hearing on the motion to dismiss, and also all the evidence

2    presented at trial.

3              THE COURT:  Your Rule 29 motion is denied, and did you

4    have any witnesses or evidence you wish to present?

5              MR. GARCIA:  No, Judge.

6              THE COURT:  Did you have any --

7              MR. GARCIA:  Yes.  I do need to incorporate by

8    reference all the arguments that we presented here at trial

9    with respect to Ms. Dominguez-Portillo since the Defendants are

10   similarly situated.

11       At the same time, at this point, we again move for judgment

12   of acquittal under Rule 29 based on the Government's failure to

13   prove each and every element of the crime based on the entire

14   record in this case, and we incorporate by reference all

15   documents, evidence, transcripts, and orders in this case

16   including, but not limited to, our motion to dismiss, and

17   arguments made at the hearing on the motion to dismiss, and

18   also all the evidence and arguments presented here for purposes

19   of trial.

20             THE COURT:  Your Rule 29 motion is denied.

21   Anything else from the Government?

22             MS. LOPEZ:  No, Your Honor.

23             THE COURT:  The Government closes.

24       Anything else from you, Mr. Garcia?

25             MR. GARCIA:  No, Judge.

```
1              THE COURT:  The Defense closes.
2       Let me hear closing arguments whatever you want to put on
3    the record.  Mr. Rennie?
4              MR. RENNIE:  Briefly, Your Honor.
5              THE COURT:  Yes, sir, of course.
6              MR. RENNIE:  Your Honor, as more fully stated in
7    closing for Ms. Dominguez's case, we believe the stipulations
8    and stipulated exhibits clearly establish that the elements
9    needed for the improper entry charge are satisfied here.  In
10   response to the arguments related to the motion to dismiss
11   filed by the Defense, we would incorporate our opposition filed
12   and submitted on November 20th.  Thank you.
13             THE COURT:  Thank you.  Mr. Garcia?
14             MR. GARCIA:  Thank you, Judge.
15      Just, again, please if I could just move for judgment of
16   acquittal under Rule 29 base on the Government's failure to
17   prove each and every element of the crime based on the entire
18   record in this case, and we incorporate by reference all
19   documents, evidence, transcripts, and orders in this case
20   including, but not limited to, our motion to dismiss, and
21   arguments made at the hearing on the motion to dismiss, and
22   also all the evidence and arguments presented here for purposes
23   of trial.
24             THE COURT:  Very well.  You just re-urge your Rule 29
25   motion.  That's denied.
```

1    Anything else from either of the parties?

2              MS. LOPEZ:  No, Your Honor.

3              MR. GARCIA:  No, Judge, you heard it all.

4              THE COURT:  Very well.

5         As to Mr. Yanes-Mancia, based on the evidence I reviewed

6    and the stipulations based on the evidence and the exhibits,

7    the Court does find that Mr. Yanes-Mancia is guilty of illegal

8    entry into the United States.  We will move on to sentencing

9    this afternoon at the conclusion of the remaining trials.

10        We will move on to the next case and -- let me ask you

11   briefly, Ms. Lopez, you had indicated earlier that the Yanes

12   case was related or similar facts, I guess, with the entry that

13   occurred as the case of Ms. Vasquez?

14             MS. LOPEZ:  Ms. Zavala.

15             THE COURT:  Ms. Zavala?

16             MS. LOPEZ:  Yes.

17             THE COURT:  Very well.  We will move on to that case.

18   The Court calls EP:17-M-4462, the United States of America

19   versus Natividad Zavala-Zavala.

20             MS. LOPEZ:  Noemi Lopez and Douglas Rennie for the

21   United States.

22             MR. GARCIA:  And Sergio Garcia on behalf of

23   Natividad Zavala-Zavala, ready to proceed, Judge.

24             THE COURT:  Some housekeeping matters, Mr. Garcia.

25   You previously filed a motion to dismiss.  The Court had issued

1    a ruling denying your motion to dismiss.  Anything else you
2    wanted to add?
3            MR. GARCIA:  Yes, Judge.  At this time, again, we
4    would like to renew our motion to dismiss based on oral
5    arguments made in that motion and oral arguments made at that
6    hearing on that motion.
7            THE COURT:  Thank you very much.  That is denied.
8       We have a pending Lafler-Frye Hearing.  Does the Government
9    withdraw that request?
10           MS. LOPEZ:  The Government does, Your Honor.
11           THE COURT:  Very well.  Again, as to your client's
12   plea, Mr. Garcia, your client had previously waived
13   arraignment.  The waiver contains a statement she is entering a
14   plea of not guilty.  Are you entering a plea of not guilty
15   today on behalf of your client?
16           MR. GARCIA:  Yes, Judge.  She enters a plea of not
17   guilty.
18           THE COURT:  Let's go into it.  The parties are waiving
19   opening statements; is that correct?
20           MS. LOPEZ:  That's correct.
21           MR. GARCIA:  That's correct, Your Honor.
22           THE COURT:  Very well.  Let me ask the Government,
23   what witnesses or evidence do you wish to present?
24           MS. LOPEZ:  Your Honor, in lieu of witnesses or
25   physical evidence, we do have an agreed stipulation of facts.

```
 1              THE COURT:  Let me go ahead and see that.
 2              MS. LOPEZ:  May I approach?
 3              THE COURT:  Of course.  Alright, so let me note that
 4    this stipulation of facts references the exhibits that we'll be
 5    getting to in a few minutes.
 6         Ms. Zavala?
 7              DEFENDANT ZAVALA:  Yes.
 8              THE COURT:  Good afternoon.  I wanted to go over this
 9    stipulation of facts with you.  This document that I am holding
10    has your signature.  This stipulation of facts has your
11    signature, and it also has the signature of your attorney and
12    has the signature of the lawyer for the Government.  What this
13    stipulation of facts indicates is that the parties are agreeing
14    that there are certain facts in this case that are not in
15    dispute.  So, the parties are agreeing for purposes of this
16    trial that there is an agreement on these facts.  You signed
17    this document.
18         Was all of this explained to you by your lawyer before you
19    signed it, Ms. Zavala?
20              DEFENDANT ZAVALA:  Yes.
21              THE COURT:  Very well.  Then we'll call this
22    stipulation of facts in Ms. Zavala-Zavala's case
23    Government's Exhibit 1.
24         What additional evidence did you have?
25              MS. LOPEZ:  Your Honor, the Government would tender
```

1    exhibits listed in the stipulated facts.  May I approach?

2             THE COURT:  You may.  Again, just so the record is

3    clear on this, the stipulation of facts, Government's

4    Exhibit 1, references and describes each of these exhibits that

5    run Exhibits A all the way through Exhibit J.  You have

6    reviewed these exhibits?

7             MR. GARCIA:  Yes, Judge.

8             THE COURT:  No objections, Mr. Garcia?

9             MR. GARCIA:  No objections.

10            THE COURT:  Very well.  You are moving to admit,

11   Ms. Lopez?

12            MS. LOPEZ:  Yes, Your Honor.

13            THE COURT:  The Government's Exhibits A through J are

14   admitted.

15        Alright, anything else from the Government in terms of

16   evidence?

17            MS. LOPEZ:  No, Your Honor, the Government rests with

18   no further argument.

19            THE COURT:  Very well.  Mr. Garcia?

20            MR. GARCIA:  Thank you, Judge.

21        Judge, at this point, we move for judgment of acquittal

22   under Rule 29 based on the Government's failure to prove each

23   and every element of the crime based on the entire record in

24   this case, and we incorporate by reference all documents,

25   evidence, transcripts, and orders in this case including, but

 1   not limited to, our motion to dismiss, and arguments made at

 2   that hearing on the motion to dismiss, and also all the

 3   evidence presented and arguments here at trial.

 4             THE COURT:  Your Rule 29 motion is denied.  Did you

 5   have anything else; any witnesses or evidence?

 6             MR. GARCIA:  No additional witnesses or evidence,

 7   Judge.  We incorporate and by reference the arguments we made

 8   with respect to Ms. Dominguez-Portillo, case number 17-MJ-4409,

 9   since Ms. Zavala is also similarly situated.

10             THE COURT:  Very well.

11             MR. GARCIA:  With that, we also move again for

12   judgment of acquittal under Rule 29 based on the Government's

13   failure to prove each and every element of the crime based on

14   the entire record in this case, and we incorporate by reference

15   all documents, evidence, transcripts, and orders in this case

16   including, but not limited to, our motion to dismiss, and

17   arguments made at that hearing on the motion to dismiss, and

18   also all the evidence and arguments presented here for purposes

19   of trial.

20             THE COURT:  That's denied.  Anything else from the

21   Government?

22             MR. RENNIE:  You're not asking for closing?

23             THE COURT:  Not closing argument yet?

24             MR. RENNIE:  No.

25             THE COURT:  The Government closes?  Does the Defense

```
 1    close?

 2              MR. GARCIA:  You heard it all, Judge.

 3              THE COURT:  Very well.  Go ahead and put your closing

 4    argument on the record.  Mr. Rennie?

 5              MR. RENNIE:  Thank you, Your Honor.

 6         As more fully stated in Ms. Dominguez's case, it is

 7    EP:17-MJ-4409, the Government believes the stipulations and

 8    stipulated exhibits clearly establish that the elements of the

 9    improper entry charge are established.  In response to the

10    arguments related to the Defendant's motion to dismiss, we

11    incorporate our written opposition which we submitted on

12    November 20th.

13         Thank you, Your Honor.

14              THE COURT:  Thank you.

15         Mr. Garcia?

16              MR. GARCIA:  Thank you, Judge.

17         At this point, we, again, move for judgment of acquittal

18    under Rule 29 based on the Government's failure to prove each

19    and every element of the crime based on the entire record in

20    this case, and we incorporate by reference all documents,

21    evidence, transcripts, and orders in this case including, but

22    not limited to, our motion to dismiss, and arguments made at

23    that hearing on the motion to dismiss, and also all the

24    evidence and arguments presented here for purposes of trial.

25              THE COURT:  Did you just re-urge your Rule 29 motion?
```

1           MR. GARCIA:  Yes.

2           THE COURT:  That's denied.  Anything else from the

3   parties?

4           MS. LOPEZ:  No, Your Honor.

5           THE COURT:  Anything else?

6           MR. GARCIA:  No, Judge, you heard it all.

7           THE COURT:  Based on the stipulated facts that have

8   been presented, based on the exhibits that the Government has

9   presented, and the evidence before the Court, the Court finds

10  Ms. Zavala guilty of the misdemeanor offense of illegal entry

11  into the United States.  We'll go into sentencing here in a few

12  minutes after the conclusion of the last trial.

13      We will move on to EP:17-M-4499.  I will backup.  On

14  Ms. Zavala-Zavala's case, anything else from either of the

15  parties?

16          MS. LOPEZ:  No, Your Honor.

17          MR. GARCIA:  No, Judge.

18          THE COURT:  Then I call EP:17-M-4499, the

19  United States of America versus Blanca Nieve Vasquez-Hernandez.

20      Announcements, please.

21          MS. LOPEZ:  Noemi Lopez and Douglas Rennie for the

22  United States.

23          MR. GARCIA:  And Sergio Garcia on behalf of my client

24  Ms. Vasquez-Hernandez, ready to proceed, Judge.

25          THE COURT:  Let me take up some housekeeping issues.

1    Let me start with the Government.  We had a pending

2    Lafler-Frye Hearing set here this afternoon.  Is the Government

3    withdrawing that request?

4         MS. LOPEZ:  The Government withdraws its request.

5         THE COURT:  Very well.  Was there anything that we

6    needed to take up from the Defendant at this point?

7         MR. GARCIA:  Yes, Judge, thanks.

8         THE COURT:  Yes, sir.

9         MR. GARCIA:  Judge, at this time, we would like to

10   renew our motion to dismiss based on the oral arguments made in

11   that motion and oral arguments made at that hearing on that

12   motion to dismiss, Judge.

13        THE COURT:  Very well.  That is denied, and let me ask

14   you, we had previously entered a plea of not guilty on the --

15   when they waived -- when your client waived arraignment, the

16   form includes language indicating that your client was

17   persisting in a plea of not guilty.  Are you entering a plea of

18   not guilty on behalf of Ms. Vasquez-Hernandez at this time?

19        MR. GARCIA:  Yes, Judge, we are entering a plea of not

20   guilty.

21        THE COURT:  Very well.  Then the parties are waiving

22   opening statements?

23        MS. LOPEZ:  Yes, Your Honor.

24        MR. GARCIA:  Yes, Judge.

25        THE COURT:  Let me hear from the Government.  What

1   witnesses or evidence do you wish to present?

2          MS. LOPEZ:  Your Honor, the Government would tender a

3   stipulation of facts that the parties have entered into.  May I

4   approach?

5          THE COURT:  Yes.  Okay, so I will note that the

6   stipulation of facts does contain a reference to a joint

7   exhibit list that we'll discuss in a few minutes.

8       Ms. Vasquez, good afternoon.  I have before me this

9   document of stipulated facts.  Let me -- I need to ask you a

10  few questions about it.  It contains your signature and the

11  signature of the attorneys in the case.  What this document is

12  is an agreement of undisputed facts or facts that the parties

13  agree are undisputed.

14      My question to you is was all of this explained to you by

15  your attorney before you signed this stipulation?

16          DEFENDANT VASQUEZ:  Yes.

17          THE COURT:  Very well.  Then we will enter the

18  stipulation of facts in the record, and it is admitted as

19  Government's Exhibit 1.

20      Now, did we have additional evidence?

21          MS. LOPEZ:  Yes, Your Honor.  The Government would

22  move to admit the exhibits that are set forth in the stipulated

23  facts.

24      May I approach?

25          THE COURT:  You may.  Alright, and, Mr. Garcia, you

1    reviewed these exhibits?

2             MR. GARCIA:  Yes, Judge.

3             THE COURT:  Did you have any objections to any of the

4    exhibits?

5             MR. GARCIA:  No, Judge.

6             THE COURT:  It looks like Government's Exhibits A

7    through I is the last exhibit.  It is Exhibits A through I,

8    and, Ms. Lopez, you are moving to admit Government's A through

9    I?

10            MS. LOPEZ:  Yes, Your Honor.

11            THE COURT:  Then these exhibits are admitted.  Chris,

12   here you go.  Thank you.

13        Anything else in terms of evidence from the Government?

14            MS. LOPEZ:  The Government rests with no further

15   argument.

16            THE COURT:  Very well.  Mr. Garcia?

17            MR. GARCIA:  Thank you, Judge.

18        At this point, we move for judgment of acquittal under

19   Rule 29 based on the Government's failure to prove each and

20   every element of the crime based on the entire record in this

21   case, and we incorporate by reference all the documents,

22   evidence, transcripts, and orders in this case including, but

23   not limited to, our motion to dismiss, and arguments made at

24   that hearing in the motion to dismiss, and also all the

25   evidence presented here at trial.

1          THE COURT:  Your Rule 29 motion is denied.

2      Anything else?  Any witnesses or evidence or anything else

3  you wanted to present at this time, Mr. Garcia?

4          MR. GARCIA:  No, Judge.  What we like to do is

5  incorporate by reference all the arguments that we made here at

6  trial with respect to Ms. Dominguez-Portillo, Case No.

7  17-MJ-4409, and at this point we would like to move, again, for

8  judgment of acquittal under Rule 29 based on the Government's

9  failure to prove each and every element of the crime based on

10  the entire record in this case, and we incorporate by reference

11  all documents, evidence, transcripts, and orders in this case

12  including, but not limited to, our motion to dismiss, and

13  arguments made at the hearing on the motion to dismiss, and

14  also all the evidence and arguments presented here for purposes

15  of trial.

16          THE COURT:  That motion is denied.  Your Rule 29

17  motion is denied.

18      You rest; is that correct?

19          MR. GARCIA:  You heard it all, Judge.

20          THE COURT:  Anything else from the Government?

21          MS. LOPEZ:  Nothing further.

22          THE COURT:  You close?

23          MS. LOPEZ:  Yes.

24          THE COURT:  Anything else, Mr. Garcia?  You close

25  also?

1          MR. GARCIA:  Yes, Judge.

2          THE COURT:  Mr. Rennie, let me go ahead and hear

3    closing arguments from the Government, please.

4          MR. RENNIE:  Thank you, Your Honor.

5      As previously stated more fully in Ms. Dominguez's case,

6    EP:17-MJ-4409, the Government submits that the stipulations and

7    stipulated exhibits in this case shows that the elements of the

8    improper entry charge are plainly satisfied.

9      In response to the Defense's arguments concerning their

10   motion to dismiss, we incorporate by reference a written

11   opposition that was submitted on November 20th.

12     Thank you, Your Honor.

13         THE COURT:  Thank you.

14     Mr. Garcia?

15         MR. GARCIA:  Judge, at this point, again, we move for

16   a judgment of acquittal under Rule 29 based on the Government's

17   failure to prove each and every element of the crime based on

18   the entire record in this case, and we incorporate by reference

19   all documents, evidence, transcripts, and orders in this case

20   including, but not limited to, our motion to dismiss, and

21   arguments made at the hearing on the motion to dismiss, and

22   also all the evidence and arguments presented here for purposes

23   of trial.

24         THE COURT:  Thank you very much.  Just re-urge your

25   motion, and the motion is denied.

1          Anything else from the parties at this time?

2               MS. LOPEZ:  No, Your Honor.

3               THE COURT:  Anything else?

4               MR. GARCIA:  No, Judge, you heard it all.

5               THE COURT:  Very well.

6      The Court having considered the stipulation of facts and

7   considered the evidence it has been presented here does find

8   Ms. Vasquez-Hernandez guilty of the misdemeanor offense of

9   illegal entry.

10          That concludes our trials, and I think we can move right

11   into sentencing unless -- are you ready to proceed on

12   sentencing?

13               MR. GARCIA:  Judge, if I can have just one minute?

14   Are we going to call them in the same order?

15               THE COURT:  Here is what I was thinking of, calling up

16   the Defendants to the podium or here in the well of the Court,

17   and then just addressing each individually or asking them if

18   they have anything to say.

19               MR. GARCIA:  I prefer that you give them a minute to

20   allocute, each one.

21               THE COURT:  Absolutely, I'll do that.  In terms of

22   should we bring up the Defendants one at a time, is that your

23   preference?

24               MR. GARCIA:  I prefer that.

25               THE COURT:  Absolutely, fine.  You need a couple of

1    minutes?

2          MR. GARCIA:  Just a couple of minutes to visit with

3    them.

4          THE COURT:  I will take a very, very brief recess.

5    Let Ms. Velez know when you're ready.

6          MR. GARCIA:  Thank you.

7                    [Recess taken]

8          THE COURT:  We are on the record.

9      The Court calls EP:17-M-4409, The United States of America

10   versus Elba Luz Dominguez-Portillo; EP:17-M-4456, the

11   United States of America versus Maynor Alonso Claudino Lopez;

12   EP:17-M-4461, the United States versus

13   Jose Francis Yanes-Mancia; EP:17-M-4462, the United States

14   versus Natividad Zavala-Zavala; and, finally, EP:17-M-4499, the

15   United States versus Blanca Nieve Vasquez-Hernandez.  We are

16   here for sentencings.

17     May I have announcements, please.

18          MR. RENNIE:  Good afternoon, Your Honor,

19   Douglas Rennie and Noemi Lopez for the United States.  We are

20   ready to proceed.

21          THE COURT:  Thank you.

22          MR. GARCIA:  Good afternoon, Judge, Sergio Garcia on

23   behalf of all of my clients.

24          THE COURT:  Very well.  Let me address the Defendants.

25     We have now gone through the part of the case where we made

1    a determination as to guilt or innocence.  Obviously, I found

2    each one of you guilty on the charge of illegal entry.  We are

3    in the sentencing part of the case at this hearing.

4        What I will do is I will ask the attorneys to speak.  After

5    that, you have the right to say something on your own behalf if

6    you wish.  Don't feel obligated to say anything if you don't

7    want to.  You don't have to say anything if you don't want to.

8    It is your right to say something if you wish.  I am happy to

9    listen to whatever you have to say.

10       Let me start off with the attorneys and let me ask the

11   Government, is the Government making any motions as to

12   remitting the special assessment?

13           MR. RENNIE:  Yes, Your Honor, we do move to remit the

14   special assessment in each case.  We would like to be heard at

15   some point.

16           THE COURT:  Of course.

17           MR. RENNIE:  If you would like me to speak now or --

18           THE COURT:  Let's just handle this first.  I'll go

19   with the Defendants first.  Then I will ask if the Government

20   has anything it wishes to bring up.

21       So, the special assessment of $10 for each Defendant is

22   remitted, and, Mr. Garcia, the floor is yours, sir.

23           MR. GARCIA:  Thank you, Judge.

24       Just briefly.  You heard it all, Judge.  I will not argue

25   the case of Ms. Dominguez-Portillo here at the bench trial at

1    trial 17-MJ-4409.  You heard all that I think is important to

2    hear from the people who actually suffer in these types of

3    cases.  I am going to request that you allow them to take a

4    minute or two to allocute individually.

5            THE COURT:  Of course, that's fine.

6        Let me go to the Government briefly just to get the lawyers

7    out of the way for a moment, and then we can go to the

8    Defendants.

9        Mr. Rennie, let me hear from you.

10           MR. RENNIE:  Yes, Your Honor.

11       I just did want to mention that the Government did expend

12   significant resources in this case since we did have about a

13   dozen agents here prepared to testify today.  Given that there

14   was relatively short notice setting the trials, we did have

15   witnesses who had to change their schedules and travel plans.

16   Some are here on a day they were supposed to have off.

17           THE COURT:  Right.

18           MR. RENNIE:  Ms. Lopez and myself did want to thank

19   them for being here today as well as the case agents and

20   support staff.

21           THE COURT:  Yes, sir.

22           MR. RENNIE:  [Inaudible] to actually put on the

23   evidence in these cases so quickly.

24       Nonetheless, we also recognize that by agreeing to relevant

25   facts establishing the guilt, they did save the Government and

 1    the agents from having to put on those cases, and we also

 2    recognize that the cases could have continued into next week as

 3    well, and we also note that other individuals in their position

 4    who are apprehended around that time most of them were

 5    sentenced to time served probably about a month ago.

 6        It has been our position which we communicated to Defense

 7    counsel as of November 9th that a time served sentence was

 8    appropriate so, given that, we continue to recommend a sentence

 9    of time served.

10            THE COURT:  I appreciate it, thank you.  Okay, let me

11    go now to you all.

12        Ms. Dominguez-Portillo, before I impose sentence, is there

13    anything you would like to tell the Court?

14            DEFENDANT DOMINGUEZ:  Yes, Your Honor.

15        When I arrived here, I had my daughter with me, and up to

16    this day today, I know nothing of her.  I came here fleeing

17    from the Maras, and I ask I want to go back with my daughter as

18    soon as possible.  That's all.

19            THE COURT:  Thank you, ma'am.

20        Mr. Claudino Lopez, before I impose sentence, is there

21    anything you would like to say, sir?

22            DEFENDANT CLAUDINO:  Well, I came into the country,

23    and I gave myself up to the officers of immigration, and I only

24    came here to see if I could have a better life for my son.  It

25    was not possible.  The only thing that I want now is to go back

1    to my country with my son as soon as possible.

2        I do have more.  I want to thank the immigration officer

3    because they treated me very well.  I know that they are all

4    here present this afternoon, and with me they all behaved very

5    well, and I thank them again, and I apologize to them.

6            THE COURT:  Thank you very much, sir.

7        Mr. Yanes, before I impose sentence, is there anything you

8    would like to tell the Court, sir?

9            DEFENDANT YANES:  Yes.  I am in the same situation as

10   they are, and I do want to apologize for what we did for coming

11   into this country illegally.  I am in the same situation as

12   they are, and I do want to apologize for coming in the way we

13   did.  I was coming with my son to give him a better opportunity

14   and to be able to study, and I wanted to work here, you know,

15   to be able to support him, but I was not able to, and I

16   apologize for being here and for everything we have done.  I

17   think we are all paying for this offense which we have

18   committed.

19       Likewise, I have been very well treated by everybody here,

20   and I do apologize for having come in the way that I did.  I do

21   apologize.  I do want to know about the whereabouts of my son.

22   I want to know if he is okay, and I want to take him back to my

23   country of Honduras.

24       Thank you.

25           THE COURT:  Thank you, Mr. Yanes.

```
 1          Ms. Zavala, before I impose sentence --
 2              DEFENDANT ZAVALA:  Your Honor, I fled the violence in
 3   my country.  I fled the danger and the violence.  I came here
 4   with my grandson.  I need to be with my grandson.  He was taken
 5   from me.  I don't know where he is.  Your Honor, I need to go
 6   with my grandson.  I need to go back.  I need to know where he
 7   is.  He was taken from me.  I know nothing of him.  I need to
 8   know where my grandson is.  It is all I ask, to be with my
 9   grandson and to go back with my grandson.  I know nothing about
10   him.
11              THE COURT:  Thank you, Ms. Zavala.
12          Before I impose sentence Ms. Vasquez-Hernandez, is there
13   anything you would like to tell the Court?
14              DEFENDANT VASQUEZ:  Good afternoon, Your Honor.
15          What I would ask is I came over here with my son.  I know
16   nothing of him.  He was taken from me.  I was told that he was
17   going to be taken.  I came here fleeing the danger in my
18   country.  My husband was killed.  As I was telling you, my
19   husband was killed.
20          I came here seeking a better life.  I'm a single mother,
21   and I was fleeing the dangers and the violence in my country.
22   I only want to raise my son to see him grow up where there are
23   no Maras, no gangs.  I am now a widow without a husband.  I
24   lost everything.  Please help me.  I don't know where my son
25   is.  From the moment he was taken from me, I don't know
```

1   anything about him.

2       Likewise, when I gave myself in to immigration, they took

3   my son away from me.  They cuffed him.  He is a 13 year-old

4   little boy.  He was cuffed and taken away.  I worry about him.

5   I don't know how he is treated if he is being well treated.

6   All I ask -- I don't know where he is and he needs me.  I need

7   to go and be where he is.

8           THE COURT:  Thank you very much, Ms. Vasquez.

9   Alright --

10          MR. GARCIA:  Judge?

11          THE COURT:  Yes, sir.

12          MR. GARCIA:  If I could -- my heart tells me to say a

13  few words just briefly, maybe 30 seconds, Judge.

14          THE COURT:  Go right ahead.

15          MR. GARCIA:  As you heard the Government say, they

16  spent resources and they made an offer back earlier, but, as

17  you can see, the concern of my clients is simply their

18  children.  That is the most precious thing they had, and that

19  is their concern.

20      It is not a time served issue.  It is where is my child?

21  That is the question.  That's the reason why we went to trial

22  because it is incorrect.  It is wrong.  We are missing those

23  children.  We don't know where they are.  The Government knows.

24  They have them.  We don't.  Certainly my clients don't know.

25      Thank you, Judge.

```
 1              THE COURT:  Thank you.
 2      Alright, let me ask you, Mr. Garcia, the Government has
 3  indicated it is not opposed to a time served sentence, and
 4  certainly I am inclined to do that.  The only thing I will ask
 5  you is this.  I can do that, and I am inclined to do it or I
 6  can impose a sentence of one year probation.
 7      Is there anything you want to add in that respect?
 8              MR. GARCIA:  Judge, I don't think --
 9              THE COURT:  The result is --
10              MR. GARCIA:  Yeah --
11              THE COURT:  Similar.
12              MR. GARCIA:  That's a decision that is for the Court
13  to make.
14              THE COURT:  Okay.
15              MR. GARCIA:  If you were to ask me what to do, that
16  would be different.  It is up to you, Judge.
17              THE COURT:  Anything the Government -- any opinion the
18  Government has on that issue?
19              MR. RENNIE:  Nothing further, Your Honor.  We will
20  leave it to your discretion.
21              THE COURT:  Alright, in each of the five cases and
22  acknowledging that the Defendants have been in custody for a
23  little bit over a month it looks like, the Court will sentence
24  each Defendant to a sentence of one year probation.  The fine
25  is waived.  I do make a finding that you lack the ability to
```

1    pay a fine, and I am remitting the special assessment.

2        Now, obviously, I am sure your lawyer has discussed this

3    with you on the issue of appeal.  You do have 14 days in which

4    to appeal your sentence.  It is a very strict deadline.  Make

5    sure you discuss this with your lawyer if you have any

6    questions about that.

7        Now, before I conclude this hearing, have each of you

8    understood everything that I discussed with you?

9            DEFENDANTS:  Yes [by all].

10            THE COURT:  Mr. Yanes, Ms. Zavala, and Ms. Vasquez,

11   have you understood?

12            DEFENDANTS:  Yes [by all].

13            THE COURT:  Very well.

14       Well, based on what you have said here in Court and based

15   on what your lawyer has said, I certainly understand the

16   reasons that you have expressed for wanting to come to the

17   United States and for wanting to come to the United States with

18   the minor children that were with you.  I understand that.  I

19   hope you know that.

20       I lament it more than you that I am in a position where I

21   am unable to give you any information or I am not in possession

22   of any information regarding the whereabouts or well being of

23   your children, and I wish that was not so.  I wish I could give

24   you that information because I know you are worried about it.

25   I can see it on your faces, and I can hear it in your voices

1     that you're concerned, and that's probably the single most

2     important thing to you in your lives, and any of us who are

3     blessed to be parents understand that is the single most

4     important thing we have in our lives.  I wish I could give you

5     that information, believe me, and I hope you understand that.

6     In any case, I do wish each one of you good luck.

7          Is there anything else from the Government?

8               MR. RENNIE:  Your Honor, I just wanted to clarify.  Do

9     I understand correctly it is nonreporting probation?

10              THE COURT:  Yes, of course.  A term of one year

11    nonreporting probation, and, Mr. Garcia, obviously I explained

12    to your clients what the implications of being on probation

13    during that one year what that means.

14         Certainly, for each one of you, if there was any kind of --

15    the sentence I imposed, one year of probation, means your

16    sentences of incarceration are done.  There is a one year

17    period of probation which means you have to follow certain

18    rules.

19         The Number 1 rule really you have to follow is if within

20    that one year period there was another offense, a federal,

21    state or local offense that you would be coming back to this

22    Court, and I would be re-sentencing you.  That's basically what

23    the sentence means.  In terms of your sentence or in terms of

24    your incarceration, that is done as of today.

25         I sincerely wish each of you the best of luck with

1    everything, you and your families.

2         Anything else from the parties?  Anything else, sir?

3         We are in recess.

4

5                                    *  *  *  *  *

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                              CERTIFICATION
2                           _____

3        I certify that the foregoing is a correct transcript from
4    the record of proceedings in the above-entitled matter.  I
5    further certify that the transcript fees and format comply with
6    those prescribed by the Court and the Judicial Conference of
7    the United States.

8

9    Date:  December 15, 2017
10                                    /s/ Walter A. Chiriboga, Jr.
                                     _____
11                                    Walter A. Chiriboga, Jr.

12

13

14

15

16

17

18

19

20

21

22

23

24

25