**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **ELBA LUZ DOMINGUEZ-PORTILLO,** | § | **Nos.  EP:17-MJ-04409-MAT** |
| **MAYNOR ALONSO CLAUDINO LOPEZ,** | § | **EP:17-MJ-04456-MAT** |
| **JOSE FRANCIS YANES-MANCIA,** | § | **EP:17-MJ-04461-MAT** |
| **NATIVIDAD ZAVALA-ZAVALA, and** | § | **EP:17-MJ-04462-MAT** |
| **BLANCA NIEVE VASQUEZ-HERNANDEZ,** | § | **EP:17-MJ-04499-MAT** |
| | § | |
| **Defendants.** | § | |

**GOVERNMENT'S MOTION TO AMEND/CORRECT THE COURT'S OPINION**

The Government hereby submits this motion to amend or correct the Court's opinion (ECF No. 52) dated January 5, 2018, in the five above-referenced cases.[1]

On November 27, 2017, the Court denied the Defendants' motion to dismiss on the record.  It indicated that a written order would be forthcoming.  (ECF No. 42 at 49.)  At trial on December 1, 2017, after a stipulated bench trial, the Court found the Defendants guilty of the misdemeanor offense of improper entry by an alien, 8 U.S.C. § 1325(a)(1), and sentenced the Defendants.  (*See* ECF No. 44.)[2]

On January 5, 2018, the Court issued its opinion denying the Defendants' motion to dismiss, but concluding, among other things, that the Defendants' have parental rights under the

---

[1] The Court previously agreed to allow the parties to file consolidated submissions regarding the Defendants' motion to dismiss for all five cases.

[2] Docket entry citations refer to the docket in *United States v. Dominguez-Portillo*, No. EP:17-MJ-04409-MAT (W.D. Tex.), unless otherwise indicated.  These citations are provided for ease of reference and the Government believes they are representative of the procedural history of all five cases.

Constitution.  (ECF No. 52.)  In connection with that conclusion, the Court made the following statements:  "The Government does not appear to dispute that Defendants have parental rights under the Constitution;" "All parties agree that Defendants have parental rights under the Constitution"; and "The constitutional right to familial association is undisputed by the parties." (ECF No. 52 at 9, 11, 31.)  These are incorrect statements of the Government's position on this issue.[3]

As the Government explained, it need not show that the Defendants lack parental rights in order to establish a violation of 8 U.S.C. § 1325(a)(1).  (ECF No. 17 at 8.)  The Defendants affirmatively alleged that they had parental rights entitling them to the dismissal of the charges against them, while failing to offer any evidence in support of those claims.  (*See* ECF No. 13.) The Government asserted that the Court lacked jurisdiction over such tangential matters.  (ECF No. 17 at 8-9.)  As the Court acknowledged elsewhere (ECF No. 6 n.11), the Government further stated that it could not confirm that the Defendants are related to the juveniles with whom they entered the United States, that it is difficult to make those determinations when individuals enter the country illegally, and the Defendants had not offered any evidence that they were related as they claimed.  (*See* ECF No. 17 at 3 n.3; ECF No. 42 at 27, 41, 44-46, 48.)

The Government also explained that the Defendants had failed to establish any Due Process violation.  (ECF No. 17 at 16-18.)  It cited several cases where courts had rejected similar claims based on assertions of parental rights.  (ECF No. 17 at 17 (citing cases).)  It

---

[3] Although the Government agrees with the Court's ultimate decision to deny the Defendants' motion to dismiss, it disagrees with some of the Court's characterizations of its arguments and significant portions of the Court's analysis (much of which is substantially different from the arguments that the Government was responding to in the Defendants' motion). This motion is not directed toward those disagreements.  Rather, it is focused on correcting the misstatements of the Government's position.

further noted that Defendants who have not effected an "entry" into the United States "do not have the same constitutional rights under the Due Process clause as citizens or aliens who have entered." (ECF No. 17 at 18 (citing cases).)

Accordingly, the Government contended that the Defendants had not established their parentage (or, in Ms. Zavala's case, grandparentage) of the juveniles and also contended that they had not established a violation of any potentially applicable constitutionally-protected parental rights.

## CONCLUSION

For the foregoing reasons, the Government requests that the Court grant its motion to amend or correct the opinion.

Respectfully submitted,

JOHN F. BASH
UNITED STATES ATTORNEY


By:    /s/_____
       DOUGLAS C. RENNIE
       Special Assistant U.S. Attorney
       New York Bar #4108031
       700 E. San Antonio, Suite 200
       El Paso, Texas 79901
       (915) 534-6884

**CERTIFICATE OF SERVICE**

It is hereby certified that on January 17, 2018, the foregoing document was filed with the

Clerk of the Court and served on counsel of record through the CM/ECF system.

/s/_____
DOUGLAS C. RENNIE
Special Assistant U.S. Attorney