IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff, | § § | |
| v. | § § | |
| ELBA LUZ DOMINGUEZ-PORTILLO, | § | Nos. EP:17-MJ-04409-MAT |
| MAYNOR ALONSO CLAUDINO LOPEZ, | § | EP:17-MJ-04456-MAT |
| JOSE FRANCIS YANES-MANCIA, | § | EP:17-MJ-04461-MAT |
| NATIVIDAD ZAVALA-ZAVALA, and | § | EP:17-MJ-04462-MAT |
| BLANCA NIEVE VASQUEZ-HERNANDEZ, | § § | EP:17-MJ-04499-MAT |
| Defendants. | § | |

**GOVERNMENT'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO AMEND/CORRECT THE COURT'S OPINION**

The Government hereby submits this reply in further support of its motion to amend or correct the Court's opinion and in response to the Defendants' opposition, in the five above-referenced cases.[1]

As the Government stated in its motion, it is seeking a simple and narrow remedy based upon the fact that its position on one issue (the Defendants' alleged parental rights) was not accurately stated in the Court's opinion. It is merely seeking an acknowledgement that its position was different than that which was stated in the opinion. The Government explained the basis for its motion with specific references to the applicable portions of the record in its motion. (*See* ECF No. 54 at 1-3 (citing ECF No. 17 at 3 n.3, 16-18; ECF No. 42 at 27, 41, 44-46, 48).)[2]

---

[1] The Court previously agreed to allow the parties to file consolidated submissions regarding the Defendants' motion to dismiss for all five cases.

[2] Docket entry citations refer to the docket in *United States v. Dominguez-Portillo*, No. EP:17-MJ-04409-MAT (W.D. Tex.), unless otherwise indicated. These citations are provided

Going well beyond this narrow issue, the Defendants' misconceived 67-page submission in opposition asserts that the Government waived the issue, that its motion is untimely, that the Government is seeking to overturn findings of fact or introduce new issues in the appeal, and that the Government is engaging in "unfair, sneaky, and calculated" tactics. (ECF No. 56 (emphasis omitted).) These contentions are meritless.

First, the Government did not "waive" or "abandon" its position on the Defendants' alleged parental rights. It repeatedly stated its position both in the hearing on the motion to dismiss and in its written opposition to the motion to dismiss. (*See* ECF No. 17 at 3 n.3, 16-18; ECF No. 42 at 27, 41, 44-46, 48.) Although the Defendants misconstrue *some* of the statements at the argument on the motion in an attempt to read them as vague (ECF No. 56 at 3-4), the statements (when properly read in context) speak for themselves. Regardless, the Defendants completely fail to address the statements in the Government's written opposition, which Government counsel referenced at the argument (*see* ECF No. 42 at 27, 46-47.). Moreover, the Defendants appear to assert that because the Government did not introduce any evidence concerning their parentage, it "waived" any disagreement with their unsworn assertions of parentage. (ECF No. 56 at 4.) This is incorrect. The Government had the burden to prove the elements of the offense. It had no burden to disprove the Defendants' claims of parentage, which it explained are entirely irrelevant to the charges and are not properly before the Court in this case. (ECF No. 17 at 8-9.)

The Government stressed throughout the proceedings that the burden on the motion to dismiss was on the Defendants. *Cf. United States v. Navarre*, 310 F. Supp. 521, 522 (E.D. La.

---

for ease of reference and the Government believes they are representative of the procedural history of all five cases.

1969) (noting that dismissal based upon a constitutional right requires stricter proof than dismissal based on nonconstitutional grounds and that the defendant bears burden for dismissal under the Sixth Amendment); *United States v. Hernandez-Amparan*, 600 F. Supp. 2d 839, 841 (W.D. Tex. 2009) (Defendant moving for dismiss under Speedy Trial Act has burden of proof); *United States v. Gutierrez*, 343 F.3d 415, 421 (5th Cir. 2003) (observing that a defendant bears a high burden of proof on a motion to dismiss an indictment when alleging government misconduct).  Further, to the extent that their motion to dismiss depended on their claims of parentage, it was the Defendants' burden to establish those claims.  *See United States v. Asibor*, 109 F.3d 1023, 1039 (5th Cir. 1997) (stating that "a defendant who asserts the defense of outrageous government conduct has an extremely high burden of proof."); *United States v. Willis*, 38 F.3d 170, 179 (5th Cir. 1994) (indicating that "the burden of proof is on the defendant" to establish an affirmative defense such as duress).  In the instant case, the Defendants wholly failed to offer any evidence supporting their parentage claims.

Second, the Government filed its motion within a reasonable amount of time after the Court issued its opinion.  There is no rule specifically addressing this type of motion.  The closest analog appears to be Federal Rule of Civil Procedure 59(e), concerning motions to alter or amend a judgment, which provides that such a motion should be filed no later than 28 days after the entry of judgment.  The Government filed its motion on Wednesday, January 17, 2018—12 days (or 7 business days, due to two intervening weekends and one holiday) after the Court issued its 33-page opinion near the close of business on Friday, January 5, 2018.[3]

---

[3] The Defendants' repeated references to the date that the Court denied the motion to dismiss on the record (ECF No. 56 at 2) is nonsensical.  The misstatements that the Government's motion is directed toward were in the opinion, not stated on the record.  The Court did not issue its opinion until January 5, 2018.

Third, the Defendant's opposition suggests that the Government is seeking some form of reconsideration of the Court's opinion or reversal of the Court's findings at trial. (*See, e.g.*, ECF No. 56 at 5, 7 (asserting that the Court's findings are "not clearly erroneous" (emphasis omitted)).) This is not the case. As the Government stated in its motion (ECF No. 54 at 2 n.3), although it disagrees with some of the Court's conclusions, it recognizes that the Court has considered the parties' arguments, made its decision, and there is no applicable basis for reconsideration. The Defendants also appear to refer to alleged evidence of parentage in the form of exhibits submitted at trial[4] and the Defendants' statements at sentencing.[5] (ECF No. 56 at 6-7.) Even if it was relevant, this information was not before the Court when it made its decision on the motion to dismiss. Regardless, it is not relevant to the present motion as the Government is not requesting reconsideration. It is merely seeking to correct the record as to the Government's position.

Fourth, the Government is not attempting to "sneak" new issues into the case. The Government's motion relies on its own statements that are in the record. The Government intends to take that same position on appeal. The Defendants also repeat their contention that the Government should not have been permitted to file a *Frye* motion while their motion to dismiss was pending because a *Frye* motion is a "trial" motion and a motion to dismiss is a "pretrial" motion. (ECF No. 56 at 8.) Tellingly, they have not cited any support for this novel assertion.

---

[4] The Forms I-213 submitted as exhibits reflect the information provided by the Defendants to the Border Patrol agents concerning the juveniles. (*See* ECF No. 56 Ex. C.) The Government has not disputed that the Defendants claim to be the parents (or, in Ms. Zavala's case, grand-parent) of the juveniles. The factual point the Government made is that it was not able to confirm these claims.

[5] The Defendants refer to their own "testimony." (ECF No. 56 at 6.) However, they did not testify at trial and their statements on the record at their initial appearances and sentencings were not sworn.

Regardless, the issue has nothing to do with the Government's motion to correct the record as to its own position on the issue of parental rights.

## CONCLUSION

For the foregoing reasons and those stated in its motion, the Government requests that the Court grant its motion to amend or correct the opinion.

Respectfully submitted,

JOHN F. BASH
UNITED STATES ATTORNEY

By:   /s/
DOUGLAS C. RENNIE
Special Assistant U.S. Attorney
New York Bar #4108031
700 E. San Antonio, Suite 200
El Paso, Texas 79901
(915) 534-6884

## CERTIFICATE OF SERVICE

It is hereby certified that on March 6, 2018, the foregoing document was filed with the Clerk of the Court and served on counsel of record through the CM/ECF system.

/s/
DOUGLAS C. RENNIE
Special Assistant U.S. Attorney