IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ELBA LUZ DOMINGUEZ-PORTILLO | ) | NOS: EP-17-MJ-4409-MAT |
| MAYNOR ALONSO CLAUDINO LOPEZ | ) | EP-17-MJ-4456-MAT |
| JOSE FRANCIS YANES-MANCIA | ) | EP-17-MJ-4461-MAT |
| NATIVIDAD ZAVALA-ZAVALA | ) | EP-17-MJ-4462-MAT |
| BLANCA NIEVE VASQUEZ-HERNANDEZ | ) | EP-17-MJ-4499-MAT |

## ORDER

Before the Court is the Government's Motion to Amend/Correct the Court's Opinion (ECF No. 54),[1] Defendants' Amended Response (ECF No. 60), and the Government's Reply (ECF No. 66). For the following reasons, the Government's motion (ECF No. 54) is **DENIED**.

Defendants filed a motion to dismiss on November 7, 2017. (Mot. to Dismiss, ECF No. 13). After the parties briefed the matter and participated in oral argument, the Court issued an order denying the motion to dismiss and stating that an opinion would be forthcoming. (Order, ECF No. 26). After a stipulated bench trial on December 1, 2017, the Court found Defendants guilty of 8 U.S.C. § 1325(a)(1), improper entry by an alien, and sentenced them to one year non-reporting probation. (J., ECF No. 44). On December 14, 2017, Defendants filed an appeal of final judgment with the district court. (Notice of Appeal, ECF No. 49). The Court issued its opinion regarding Defendants' motion to dismiss on January 5, 2018. (Op., ECF No. 52). The Government filed the present motion on January 17, 2018. (Mot. to Amend/Correct the Ct.'s Op., ECF No. 54).

---

[1] Docket entry citations will refer to the docket in *United States v. Dominguez-Portillo*, No. 3:17-mj-4409-MAT (W.D. Tex.), which is representative of the procedural history of all five cases, unless otherwise specified.

The Government contends that there is no rule specifically addressing this type of motion, and that Federal Rule of Civil Procedure 59(e), which concerns motions to alter or amend a judgment, is the closest controlling authority. (Reply, ECF No. 66, at 3). However, neither party addresses the issue of whether the Court even has jurisdiction to rule on this motion given that this matter is presently before the district court on appeal. Guidance on this issue can be found in Federal Rule of Criminal Procedure 37, which provides that:

> (a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
> (1) defer considering the motion;
> (2) deny the motion; or
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

FED. R. CRIM. P. 37(a). Considering that the Government filed the present motion within fourteen days of the Court's issuance of the opinion, the Court finds that the motion is timely filed and that Federal Rule of Criminal Procedure 37(a) applies.

There is no need to amend, or correct, the opinion. In its brief and oral argument, the Government never clearly stated that Defendants do not have constitutional parental rights, even though it was directed to address that specific issue by the Court.[2] If anything, the Government seemed to concede, or at the very least hint, that Defendants possessed constitutional parental rights.[3] The Government had every opportunity to explicitly deny that Defendants possess

---

[2] *See* Order, ECF No. 3. ("Courts have recognized familial association as a fundamental right subject to constitutional protection, with the parent-child relationship at the heart of this right. *See Kipps v. Caillier*, 205 F.3d 203 (5th Cir. 2000) (citing *Prince v. Massachusetts*, 321 U.S. 158, 166 (1944)). Have any courts addressed the applicability of this fundamental right to undocumented immigrants? Specifically, has any court addressed whether the undocumented alien defendant who is a parent of an unaccompanied child possesses constitutionally protected parental rights insofar as being, at a minimum, entitled to information related to the welfare of their child?").

[3] For example, during oral argument Assistant United States Attorney Franco-Gregory indicated that she wanted to address certain issues and stated that "The -- the government would offer that their parental rights are not being terminated. That has never been the contention. The thousands of cases that have been presented to this Court, their -- their parental rights have never been terminated, Your Honor." (Oral Arg. Tr., ECF No. 42, at 39-40).

constitutional parental rights, but it declined to do so (and continues to refuse to directly state whether Defendants possess such rights).[4] A review of the record as a whole reveals why the Court characterized the Government's position as it did.

Finally, the Court notes that its characterization of the Government's position as it relates to this motion to amend had no bearing on the outcomes of the cases, which were in the Government's favor, nor would it appear to have any bearing on the appeal by Defendants that their motion to dismiss was improvidently denied. Accordingly, the Court finds that there is no need to amend, or correct, the opinion. The record is left as it stands for appeal to the district court. Given that, the Court will deny the motion because it retains jurisdiction to do so under Federal Rule of Criminal Procedure 37(a), notwithstanding the appeal.

Thus, the Government's Motion to Amend/Correct the Court's Opinion (ECF No. 54) is **DENIED**.

SIGNED and ENTERED this 26th day of April, 2018.

MIGUEL A. TORRES
UNITED STATES MAGISTRATE JUDGE

---

[4] The Government asserts in its instant motion an argument it had alluded to in its response to the motion to dismiss that "Defendants who have not effected an 'entry' into the United States 'do not have the same constitutional rights under the Due Process clause as citizens or aliens who have entered.'" (Mot. to Amend/Correct the Ct.'s Op., ECF No. 54, at 3). The Court notes that the Government proceeded on a theory under 8 U.S.C. § 1325(a)(1) that all five Defendants had "entered" the United States.